**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Meridian PO Finance LLC, | No. CV-20-00446-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| OTR Tire Group Incorporated, et al., | NOT FOR PUBLICATION |
| Defendants. | |

Pending before the Court is Defendant XPO Global Forwarding, Inc.'s ("XPO") Motion for Alternate Service of Process on Non-Party Mazen Baltagi. (Doc. 83.) XPO requests an order, pursuant to Fed. R. Civ. P. 45, authorizing alternative service on non-party Mazen Baltagi by means of overnight mail and email. (Doc. 83 at 2.) For the reasons that follow, the Court will grant the motion.

I.

Mazen Baltagi is Defendant Afif Baltagi's brother. XPO contends that his deposition testimony is necessary to develop the facts in this case. (*Id.* at 1.) Pursuant to Fed. R. Civ. P. 45, XPO retained a professional process serving firm, Knock 'Em Out Civil Process, LLC (the "Process Server") to personally serve Mazen a subpoena to testify at a deposition, along with the appropriate notices and necessary witness fees. (Doc. 83 at 2.) The Process Server made six unsuccessful attempts to serve Mazen, at both his residence and business in Houston, Texas. (*Id.* at 3.)

Given the difficulty the Process Server has encountered in serving Mazen, XPO

believes he may intentionally be evading service. Even if he is not, XPO argues that alternative service is appropriate in this instance because it has proven very difficult to personally serve him. (*Id.* at 3.)

## II.

Subpoenas must be served on non-parties in accordance with Fed. R. Civ. P. 45(b)(1). That Rule provides:

> Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law.

The Ninth Circuit has not interpreted this provision in a published opinion. Many courts, however, have interpreted Rule 45(b)(1) as requiring personal service. *See Wells Fargo Bank NA v. Wyo Tech Inv. Grp. LLC*, No. CV-17-04140-PHX-DWL, 2019 WL 3208114, at *2 (D. Ariz. July 16, 2019). But while "[t]he traditional rule has been that personal service is required," "[m]ore recently, a number of courts have upheld service by certified mail or other forms of service that are reasonably calculated to achieve actual notice." *Id.* (quoting S. Gensler, 1 Federal Rules of Civil Procedure, Rules and Commentary, Rule 45, at 1195 (2018)).

This recent, and more lenient, approach has been employed by courts for four principal reasons. First, nothing in the text of Rule 45(b)(1) indicates that personal service is required. Rather, the Rule states only that a copy of the subpoena must be "delivered" to the named person. And the term "delivery" does not itself imply that personal service is needed. *See Wells Fargo Bank*, 2019 WL 3208114, at *2 (citing *OceanFirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 754 (E.D. Mich. 2011)). Second, the Federal Rules of Civil Procedure expressly indicate that personal service is required in at least one other instance. *See* Fed. R. Civ. P. 4(e)(2)(a). Thus, that Rule 45(b)(1) does not expressly indicate as much suggests that personal service is not required. *See Wells Fargo Bank*, 2019 WL 3208114, at *3 (citing *Doe v. Hersemann*, 155 F.R.D. 630, 630 (N.D. Ind. 1994). Third, reading Rule 45(b)(1) as requiring personal service would render superfluous the

language in Rule 45 indicating that proof of service, where necessary, requires "filing . . . a statement showing the . . . manner of service." Fed. R. Civ. P. 45(b)(4). If only personal service were permissible, there would be no need to specify the manner of service. *Wells Fargo Bank*, 2019 WL 3208114, at *3. And fourth, allowing service by alternative means, where necessary, is consistent with Federal Rule of Civil Procedure 1, which requires that the Federal Rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

Consistent with these principles, the Court finds that Rule 45(b)(1) does not require personal service. Rather, Rule 45 permits any method of service "reasonably calculated under all the circumstances to ensure that [the recipient] receives notice of the subpoena and that [the recipient], or attorneys representing him, have the opportunity to file an objection or motion to quash." *BBK Tobacco & Foods LLP v. Skunk Inc.*, No. CV-18-02332-PHX-JAT, 2020 WL 619675, at *1 (D. Ariz. Feb. 10, 2020).

The Court will therefore permit XPO to serve Mazen by means of: (1) overnight FedEx/UPS to his confirmed residential address in Houston, Texas; and (2) email to his personal email address, as these means are reasonably calculated to provide Mazen with notice.

III.

Accordingly,

**IT IS ORDERED granting** Defendant's Motion for Alternate Service of Process on Non-Party Mazen Baltagi (Doc. 83).

**IT IS FURTHER ORDERED** that Defendant XPO may serve non-party Mazen Baltagi with a deposition subpoena by (1) overnight FedEx/UPS to 1300 Augusta Dr. #34, Houston, Texas 77057, and (2) email to baltagi.mazen@gmail.com.

Dated this 24th day of January, 2022.

Michael T. Liburdi
United States District Judge