WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Meridian PO Finance LLC, | No. CV-20-00446-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| OTR Tire Group Incorporated, et al., | |
| Defendants. | |

Plaintiff Meridian PO Finance, LLC ("Meridian") moves for default judgment against Defendant Roadmaster Trucking ("Roadmaster") with respect to Count XVI of Meridian's Complaint, pursuant to Rule 55 of the Federal Rules of Civil Procedure. (Doc. 72, the "Motion.") Defendant Roadmaster has not filed a response or appeared in this case. The motion for default judgment is denied without prejudice.

On February 28, 2020, Meridian filed the Complaint (Doc. 1) claiming that all named defendants in this case are jointly and severally liable for $23,532,951 for their roles in an alleged fraudulent scheme.[1] (*Id.* at ¶ 5.) Additionally, the Complaint seeks to disregard corporate formalities and hold the "the principals of those entities, the entities themselves, and the Defendants who utilized and worked with those entities to perpetuate the fraudulent scheme set forth in this complaint, jointly and severally liable for the damages alleged."[2] (Doc. 1 at ¶ 413.)

---

[1] The First Amended Complaint (Doc. 70) adjusts this number to $21,407,584 but still maintains the defendants are jointly and severally liable.
[2] This language is left unchanged in the First Amended Complaint. (*See* Doc. 70 at ¶ 413.)

Roadmaster was served on August 10, 2020. (Doc. 35.) Roadmaster never responded to the Complaint (Doc. 1). Meridian filed for entry of default on November 25, 2020. (Doc. 52.) Meridian then filed the First Amended Complaint (Doc. 70) on July 6, 2021. As of the date of this order, Roadmaster has not responded to the Amended Complaint. Next, Meridian filed the Motion requesting this Court to enter default judgment in Count XVI of the Amended Complaint, Roadmaster's negligence, against Roadmaster in the amount of $1,837,442. (Doc. 72.)

Once default has been entered, the district court has discretion to grant default judgment. *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The court may consider several factors, including (1) the possibility of prejudice to the plaintiff; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In applying the *Eitel* factors, the factual allegations of a complaint, apart from damages, are taken as true. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). The moving party has the burden to prove all damages. *Philip Morris USA, Inc. v. Castworld Prod., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003).

But "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." *In re First T.D. & Invest., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872)). "It follows that if an action against the answering defendants is decided in their favor, then the action should be dismissed against both answering and defaulting defendants." *Id.* Because Meridian seeks to hold all defendants jointly and severally liable and this matter has not been adjudicated with regard to all defendants, entering default judgment at this time is inappropriate. (Doc. 70 ¶ 5.)

/ / /

Accordingly,

**IT IS ORDERED denying** Plaintiff's Motion for Default Judgment (Doc. 72) without prejudice.

Dated this 22nd day of March, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge