WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Meridian PO Finance LLC,<br><br>Plaintiff,<br><br>v.<br><br>OTR Tire Group Incorporated, et al.,<br><br>Defendants. | No. CV-20-00446-PHX-MTL<br><br>**ORDER** |

**I.**

Pending before the Court is the Motion to Intervene as a Matter of Right filed by movants RRJ Ventures, LLC, Arnold Reeb Funding, LLC, and Charles Alternative Finance, LLC (collectively "Movants"). (Doc. 98.) The Movants are investors in Plaintiff Meridian PO Finance LLC ("Meridian"). Defendants XPO Logistics, Inc. and XPO Global Forwarding, Inc. (the "XPO Defendants") oppose the Motion.

Movants assert that, in May 2022, the Arizona Superior Court entered a judgment against Meridian and in favor of non-party Moore Alternative Funding, LLC. Movants claim that the Superior Court judgment is related to the OTR transaction at issue here. Movants argue that intervention is necessary "to recover against Meridian for payments due under the [Movants-Meridian] Financing Agreements arising out of the OTR Transaction and the Midwest Transactions." (Doc. 98 at 6.) The Court concludes that Movants have failed to satisfy their burden to intervene as a matter of right.

///

## II.

Rule 24(a)(2), Fed. R. Civ. P., permits a party to intervene as a matter of right where—

> (1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.

*United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). The prospective intervenor bears the burden of showing that each of these requirements are satisfied. *Id.*

### A.

Movants' objective is securing a priority position vis-à-vis Moore Alternative Funding, LLC, for collection of amounts allegedly owed pursuant to financing arrangements with Meridian, should Meridian prevail in this lawsuit. "To trigger a right to intervene, however, an economic interest must be concrete and related to the underlying subject matter of the action." *Id.* The Ninth Circuit, in *Alisal*, held that a prospective intervenor's economic interest in collecting a debt is "several degrees removed" from the issues presented in the underlying litigation. *Id.* at 920. Although the underlying issue in that case concerned "public health and environmental policies," *id.*, many subsequent cases have uniformly applied the *Alisal* rule beyond those specific facts in denying intervention as of right. *See, e.g.*, *Orient Gate Enter. Ltd. v. Matrix Int'l Textiles, Inc.*, 19-CV-07745-DSF-MAA, 2020 WL 4196871, at *3 (C.D. Cal. May 15, 2020) ("Like the prospective intervenor in *Alisal*, UCI's interest in the prospective collectability of its money judgment is not sufficiently related to the subject of the underlying cause of action—the breach of contract."); *Wellington Hills Park, LLC v. Assurance Co. of Am.*, C10-0916-JLR, 2011 WL 1344249, at *2 (W.D. Wash. Apr. 7, 2011) ("Turnaround asserts that as custodial receiver it has a protectable interest in any insurance proceeds Wellington may collect. The court finds that this interest does not relate to the subject matter of the instant litigation as

required for intervention to be appropriate." (Record citation omitted.)).

Here, Movants do not even have a judgment against Meridian. Their sole interest is the possibility of obtaining relief for the breach of their financing agreements, as asserted in their proposed Third-Party Complaint in Intervention. (Doc. 98-1.) Nor can Movants be certain that Moore Alternative Funding, LLC will successfully "intercept" any potential recovery in this case. Movants' sole basis for believing so is that representatives of Moore Alternative Funding, LLC made "representations" during "litigation, to the extent Meridian recovers an award in this lawsuit, then MAF, as Meridian's judgment creditor, intends to intercept that entire recovery . . . ." (Doc. 98 at 5–6.) The Court finds that the interest Movants assert is entirely speculative. This finding alone compels that the Motion should be denied.

**B.**

The Court further finds that Movants have failed to satisfy their burden under the second and third factors. The disposition of this case will not impair or impede Movants' interests. They could have and, presumably still can, file a separate action against Meridian. Indeed, years ago, in October 2018, Moore Alternative Funding, LLC did just that and later obtained a judgment in its favor.

The Motion to Intervene is not timely. As the XPO Defendants convincingly argue, this case has existed for several years, and Movants' representatives have known about it for years. (Doc. 102 at 7–10; Doc 103-1 Exh. A& B.) Movants could have sought intervention at any time early in this case. They did not. And now, fact discovery is closed. All that remains is expert discovery, which is in-process and scheduled to end on October 31, 2022.

Movants disclaim their need for expert discovery, but they ask to reopen fact discovery for 45-days. (Doc. 98 at 8.) On the surface, Movants' request coincides with the remaining expert discovery period. But their claim to minimize any additional burden on the parties and this Court fails scrutiny. Reopening fact discovery will, of course, impose additional litigation cost for Meridian and the XPO Defendants. Movants also oversimplify

how their eleventh-hour presence will impair the Court's ability to manage this aging case to a timely conclusion. Meridian will either answer the Third-Party Complaint or file a motion to dismiss. If the latter, additional time for briefing and consideration of the motion under advisement will be necessary. Movants overlook that Meridian and the XPO Defendants may want to conduct their own fact and expert discovery into the newly asserted claims. Doing so will certainly lengthen discovery and dispositive motion briefing schedule. And, finally, there is no certainty that Movants' additional 45-day discovery period will be sufficient to complete their planned written discovery, given the inevitability of responding party objections, let alone avoiding burdensome and time-consuming discovery disputes involving the Court.

## III.

Accordingly, **IT IS ORDERED** that the Motion to Intervene as a Matter of Right (Doc. 98) is **denied**.

Dated this 25th day of July, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge